STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. CHARLES HARRIS ET AL., PLAINTIFFS IN ERROR.

Argued October 6, 1931—Decided February 11, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiffs in error, Alexander Simpson.

For the defendant in error, Louis A. Repetto, prosecutor of the pleas.

PER CURIAM.

This was an indictment for conspiracy naming five defendants. Four of them were tried, there was an acquittal as to one of them, the other three were convicted and have sued out the present writ of error. The case is before us on a bill of exceptions and also under section 136 of the Criminal Procedure act, the assignments and specifications, twenty in number, being identical. Many of them are unavailing

because not in proper form. The case can best be disposed of by following the argument as outlined in the brief for the plaintiffs in error without strict adherence to the numerical order of the specifications.

The alleged conspiracy was directed to defrauding a man named Young out of $5,000 by what may be described as a confidence game relating to an imaginary horse race. The usual feature of such proceedings was present in the form of a suggestion to Young that he ought to deposit $5,000 together with the money put in a pool by the defendants as a guarantee of his good faith. Young very nearly did deposit the $5,000 but the scheme was discovered and he was stopped in time. There were three counts in the indictments, but only the third was tried.

The first point made in the brief seems to be that there was no conspiracy because Young was not relieved of his money and there was only an attempt at a conspiracy. We cannot see anything in this point and deem it sufficient merely to state it.

The second point is that there must be an overt act and that no such overt act is indicated in the testimony. This point is absolutely baseless because there was an abundance of evidence to show the various acts of the defendants, or one or more of them, directed toward the consummation of the plot. Under this point it is argued that the court improperly refused to charge that the jury must find some overt act done in order to convict of conspiracy. Assuming the duty of the court so to charge and assuming also that the point was not covered by the charge, it is sufficient to say that the alleged refusal is not assigned for error.

Again it is asserted that the indictment does not allege an overt act. We think that it does where it says, after charging the conspiracy, that "by reason whereof, they, the said defendants, in pursuance of such object, did pretend to the said Young that they desired to bet on certain horse races," &c., "and they, the said defendants, did solicit, urge and advise the said Young to join them in the making of a pool," &c. It is unnecessary to go farther with the language of the indictment.

The next point made in the brief is that there must be a mutual agreement. This doubtless is true and the evidence tends to show such an agreement. Four of the assignments, numbers 7, 8, 9 and 10 directed to the point are futile because general in form and therefore do not require consideration. It is said that the court erred in charging on the failure of the defendants to take the stand, they having offered no testimony or other evidence in their defense. We have examined the charge in this regard and see no error therein.

The next point is that the court refused a request to charge that "the complainant witness had testified that he has been convicted of a crime. I charge you as a matter of law that evidence that a person has been convicted of a crime should be taken into consideration as to the likelihood of a person to tell the truth when testifying." The argument seems to be that the witness in such case must be corroborated. We are unaware of any such rule although we think there was corroboration. However, the request called for more than the defendants were entitled to because under the statute all that the court was required to say was that the conviction had been shown for the purpose of affecting the credit of the witness.

The next point is that the court refused to arrest judgment because the indictment did not charge an overt act. This ground was not urged on the motion in arrest of judgment, and in any event would be untenable in view of what we have said.

Finally, the refusal to charge requests 1 and 2. Number 1 is a short definition of conspiracy and was covered by the court reading the statute. Number 2 was in substance that if Young made an agreement to bet on horses, together with the defendants, he was a *particeps criminis,* and that upon the uncorroborated testimony of Mr. Young there could not be a conviction. We do not understand this to be the law. We think that the jury were entitled to convict on the uncorroborated testimony of Mr. Young if they believed it, and that in any event there was reasonable corroboration.

The judgment will be affirmed.